IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) | |
| ) | |
| LOREN D. COAD, and DEBRA COAD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C. A. No. |
| ) | |
| CRANE CO.; et al.; ) | |
| ) | |
| Defendants. ) | |

**PARAMOUNT GLOBAL INC.'S NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:**

**PLEASE TAKE NOTICE** that Defendant Paramount Global Inc., f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse") hereby files its Notice of Removal of the above-styled state civil action, removing said matter to this Court pursuant to 28 U.S.C. §§ 1442 and 1446.

**BACKGROUND**

1. Plaintiffs Loren D. Coad, and Debra Coad filed a Complaint (Case No. N22C-03-211 ASB) in the Superior Court for New Castle County, Delaware on or around March 28, 2022. Defendant Westinghouse was served with the Complaint on May 3, 2022.

2. Plaintiffs allege in their Complaint that Mr. Coad suffered personal injuries as a result of asbestos exposure while he while he was in the US Navy as an engineman from 1964 to 1969 on the USS Hector (AR&) and the USS Collette (DD 730) (Complaint, attached hereto as "Exhibit 1," ¶ 21). The Complaint alleges exposure during this work history to various asbestos-

containing products and equipment associated with the named defendants, including turbines. (*Id*).

3.     Inasmuch as one or more of the ships upon which Mr. Coad may have served or worked may have been outfitted with Westinghouse equipment which was installed pursuant to contracts with the United States Navy, and which were subject to detailed Navy specifications, Westinghouse has a personal right of "federal officer" removal under 28 U.S.C. § 1442(a)(1).

4.     This Notice of Removal has thus been filed, in accordance with 28 U.S.C. §1446(b) within thirty (30) days of Westinghouse's first notice of Plaintiff's claim that Mr. Coad was injured due to asbestos exposure associated with Westinghouse equipment while serving on the naval ships identified in the Complaint. *See, e.g.*, *Contois v. Able Indus.*, 523 F. Supp. 2d 155, 158-59 (D. Conn. 2007); *Carter v. ACandS, Inc.*, 2002 WL 31682352 at *3 (E.D. Tex. Jun3 27, 2002). *Cf.*, *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002); *Akin v. Big Three Indus.*, 851 F. Supp. 819, 824 (E.D. Tex. 1994).

## FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(a)

5.     The basis for this removal is that this action involves a person, i.e., Westinghouse, who – in relation to the claims being stated against it and as summarized herein – acted under the authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1) and who can state at least a colorable federal law-based "government contractor" defense to those claims.

6.     Westinghouse respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

7. Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: 1) the defendant is a person who acted under the direction of a federal officer; 2) the defendant has asserted at least a colorable federal law-based defense to the plaintiff's claims; and 3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office. *Mesa v. California*, 489 U.S. 121 (1989); *Kirks v. General Elec. Co.*, 654 F. Supp. 2d 220, 223 (D. Del. 2009). *See also, e.g.*, *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 210 (S.D.N.Y. 2005); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1325 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

8. As a corporation, Westinghouse is a "person" for purposes of § 1442(a)(1). *See, e.g.*, *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Kirks*, 654 F. Supp. 2d at 223.

9. In designing, manufacturing and supplying the equipment at issue in this case, turbines and/or related equipment, to the United States Navy, Westinghouse acted under the detailed and ongoing direction and control of one or more federal officers. More specifically, Westinghouse manufactured and designed such equipment in accordance with precise, detailed, specifications promulgated by Navy Sea Systems Command. Moreover, an Inspector of Naval Machinery ("INM"), who was resident at Westinghouse's manufacturing facility, personally oversaw the manufacturing process and enforced compliance with the Navy's design specifications. Further, the Westinghouse Navy equipment in question was subject to various tests and trials supervised by the United States Navy before it was approved for use on military

vessels. In sum, all relevant aspects of the design and manufacture of equipment at issue were subject to close, detailed and ongoing supervision and control by the United States Navy and its officers. Numerous federal district courts have, in fact, held – in light of these facts – that Westinghouse was "acting under a federal officer" in relation to its design, manufacture and supply of turbines and/or similar equipment for use aboard United States Navy vessels. *See, e.g.*, *Allen v. CBS Corp.*, 2009 WL 4730747 at *2 (D. Conn. Dec. 1, 2009); *Mitchell v. AC&S, Inc.*, 2004 WL 3831228 at *2 (E.D. Va. Dec. 15, 2004); *Madden*, 205 F. Supp. 2d at 700-01; *Carter*, 2002 WL 31682352 at *4-5; *Crocker*, 852 F. Supp. at 1326; *Pack*, 838 F. Supp. at 1103; *Fung*, 816 F. Supp. at 572.

10.  It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *See, e.g.*, *Madden*, 205 F. Supp. 2d at 701-02

11.  As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: 1) it designed, manufactured and supplied the Navy equipment at issue in this case in accordance with "reasonably precise specifications" promulgated or adopted by the United States Navy; 2) the Westinghouse Navy equipment conformed with those specifications; and 3) at all times relevant to this suit, the United States Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's design and manufacture of such turbines and/or related equipment have found

that Westinghouse can, accordingly, state at least a colorable government contractor defense in relation to such claims.  *See, e.g.*, *Allen*, 2009 WL 4730747 at *5; *Mitchell*, 2004 WL 3831228 at *4; *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103.

12. Westinghouse is not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442 (a)(1). *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

13. Westinghouse has attached those documents required by 28 U.S.C. § 1446(a) and/or the local rules of the Superior Court for New Castle County, Delaware.

14. Removal of this action is proper under 28 U.S.C. § 1442 as it is a civil action brought in a state court and as – consistent with the short and plain statement of the law and facts set forth herein – the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because Westinghouse was acting under an officer or agency of the United States in relation to the claims stated against it and can state at least a colorable federal law-based defense to said claims.

WHEREFORE, PREMISES CONSIDERED, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court for New Castle County, Delaware on this 2nd day of June, 2022.

                                       Respectfully submitted,

                                       SWARTZ CAMPBELL, LLC.

                                       BY: */s/ Allison L. Texter*
                                       Allison L. Texter, Esq. DE Bar Id. No. 3531
                                       Bryan Smith, Esq. DE Bar Id. No. 5418
                                       300 Delaware Avenue, Suite 1410
                                       Wilmington, DE 19801
                                       (302) 656-5935
                                       *Attorneys for Paramount Global*

Date: *June 2, 2022*